

WILLIAM P. DENI, JR.
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4853 Fax: (973) 639-8373
wdeni@gibbonslaw.com

March 20, 2019

**VIA ECF**

Honorable Lois H. Goodman, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: **Valeant Pharmaceuticals North America LLC, et al. v. Mylan Pharm. Inc., et al.
Civil Action No. 18-14305 (PGS) (LHG)**

Dear Judge Goodman:

This firm represents Plaintiffs Valeant Pharmaceuticals North America LLC, Valeant Pharmaceuticals Ireland Ltd., Dow Pharmaceutical Sciences, Inc., and Kaken Pharmaceutical Co., Ltd. (collectively, "Plaintiffs") in the above-referenced action. We write in response to the letter filed last night by Defendants Mylan Pharmaceuticals, Inc., Mylan Laboratories Ltd., and Mylan Inc. (collectively, "Mylan") requesting that the Court enter a so-called "Stipulation" regarding Mylan's appearance at the Court-ordered Case Management Conference. To be clear, Plaintiffs did not consent to that filing or the terms set forth in Mylan's purported stipulation, which is actually an *ex parte* application, and Mylan's request for the Court to enter such a document binding Plaintiffs when Plaintiffs had not consented to it was misleading and improper.

Contrary to Mylan's disingenuous representation regarding a separate stipulation filed in a later-filed action, Civil Action No. 19-8233 (the "Second Action"), the purported stipulation proposed by Mylan in this action is not "nearly identical." The stipulation in the Second Action addressed the parties' agreement, *inter alia*, that all papers submitted with regard to Mylan's motion to dismiss in this action be deemed to have also been filed in the Second Action, that any decision on the motion to dismiss shall equally apply to the Second Action, and that Mylan accepted and acknowledged service in the Second Action effective March 8, 2019.

The stipulation proposed by Mylan in this action, on the other hand, is not necessary or appropriate. Quite simply, the stipulation is a waste of the Court's and Plaintiffs' time and serves no purpose, except perhaps, as Plaintiffs suspect, for Mylan to try to use it for posturing in a related protective suit filed in the Northern District of West Virginia. Furthermore, Mylan's proposed stipulation implies that the Court does not have authority to conduct a Rule 16 conference while a motion to dismiss is pending and that a separate stipulation or order is required in every case before a Rule 16 conference in order for a party to preserve a pending motion to dismiss. Plaintiffs cannot take part in making such incorrect implications.

G<small>IBBONS</small> P.C.

Honorable Lois H. Goodman, U.S.M.J.
March 20, 2019
Page 2

                                      Respectfully submitted,

                                      <u>s/ William P. Deni, Jr.</u>
                                      William P. Deni, Jr.

cc: All counsel of record (via ECF)